| COREY EVANS | CIVIL ACTION 1:16-CV-01214 |
|---|---|
| VERSUS | JUDGE DRELL |
| WILLIAM A. SHERROD, WARDEN | MAGISTRATE JUDGE PEREZ-MONTES |

### REPORT AND RECOMMENDATION

Before the Court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by petitioner Corey Evans ("Evans"). Evans contends his July 31, 2015 sentence was enhanced in violation of Johnson v. United States, 135 S. Ct. 1551 (2015) (decided June 26, 2015),[1] and Welch v. United States, 136 S. Ct. 1257, 1265 (2016).[2] Evan argues he was given an enhanced sentence as a career offender for prior convictions that no longer qualify him for career offender status. Evans seeks resentencing without a career offender enhancement. Evans's § 2241 petition should be denied because he has not satisfied the savings clause of 28 U.S.C. § 2255.

### I. Background

Evans was convicted pursuant to a guilty plea entered in the Eastern District of Texas on one count of conspiracy with intent to distribute cocaine base, United

---

[1] The Johnson Court held the residual clause of the Armed Career Criminals Act of 1984, 18 U.S.C. § 924(e)(2)(B)(ii), is unconstitutional under the void-for-vagueness doctrine. See Welch v. United States, 136 S.Ct. 1257, 1261 (U.S. 2016).

[2] The Welch Court held that Johnson is a substantive decision that has retroactive effect to cases on collateral review. See Welch, 136 S.Ct. at 1265.

State of America v. Evans, 4:14-CR-00097 (E.D. Tex.) (Doc. 1-2). Evans filed a motion to withdraw his guilty plea, which was denied (Doc. 1-2). Evans was sentenced to 180 months of imprisonment and 5 years of supervised release (Doc. 1-2). Evans filed a Motion for Sentence Reduction pursuant to 28 U.S.C. § 3582(c)(2) and Amendment 782, which was also denied (Doc. 1-2).

Evans also filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 in the Eastern District of Texas. A Report and Recommendation was recently issued, recommending that Evans be granted an out-of-time appeal (Evans v. United States of America, No. 4:16-00363, Doc. 27 (E.D. Tex.)). That motion has not yet been ruled on by the District Judge in Texas.

## II. Law and Analysis

Evans contends that, in Johnson v. United States, the Supreme Court held the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), is void for vagueness in every application and, therefore, imposing an increased ACCA sentence under the residual clause violates due process. Evans further contends the United States Sentencing Guidelines' definition of "crime of violence" contains a residual clause that is identical to the ACCA residual clause. See U.S.S.G. § 4B1.2(a)(2).

Jurisdiction over a § 2241 petition lies in the district where the petitioner is incarcerated. See Lee v. Wetzel, 244 F.3d 370, 373 (5th Cir. 2001). However, § 2255 provides the primary means of collaterally attacking a federal conviction and sentence. Relief under § 2255 is warranted for errors that occurred at trial or

sentencing. Jurisdiction over a § 2255 motion lies in the sentencing court. See Lee, 244 F.3d at 373. In this case, that is the Texas district court.

Section 2241 is correctly used to attack the manner in which a sentence is executed. See Lee, 244 F.3d at 372. A petition filed under § 2241 that attacks error that occurred at trial or sentencing is properly construed as a § 2255 motion. This Court lacks jurisdiction to consider Evan's motion pursuant to § 2255. See Jeffers v. Chandler, 253 F.3d 827, 829 (5th Cir. 2001), cert. den., 534 U.S. 1001 (2001).

Nevertheless, a § 2241 petition that attacks custody resulting from a federally imposed sentence may be entertained when the petitioner can satisfy the requirements of the "savings clause" in § 2255, which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

See Jeffers, 253 F.3d at 829; see also, Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition is not a substitute for a motion pursuant to § 2255, and the burden of producing evidence to show the inadequacy or ineffectiveness of a motion under § 2255 rests squarely with the petitioner. A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement or other gate-keeping requirements, does not make § 2255 inadequate or ineffective. See Jeffers, 253 F.3d at 829; Tolliver v. Dobre, 211 F.3d 876, 878 (5th Cir. 2000).

3

The factors that must be satisfied for a petitioner to file a § 2241 petition pursuant to § 2255's savings clause are: (1) the petitioner's claim must be based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense; and (2) the claim must have been foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion. See Jeffers, 253 F.3d at 829-830 (citing Reyes-Requena v. United States, 243 F.3d 893 (5th Cir. 2001)). The first factor requires that a retroactively applicable Supreme Court decision establish that the petitioner is "actually innocent," or convicted for conduct that did not constitute a crime. The core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law. See Jeffers, 253 F.3d at 830 (citing Reyes-Requena, 243 F.3d at 903-904).

Since Evans was sentenced shortly after Johnson was decided, Johnson's retroactivity is not an issue in this case. Johnson was directly applicable to Evans at sentencing. Therefore, Evans cannot meet the second requirement of the savings clause—he cannot show his claim was foreclosed by circuit law at the time it should have been raised at trial, on appeal, or in a first § 2255 motion.

Evans's § 2241 petition should be denied.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Evans's § 2241 petition be DENIED AND DISMISSED WITH PREJUICE.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing. No other briefs (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes a final ruling.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2255 proceedings for the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments**

5

on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this  15th  day of November, 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge